# EXHIBIT A

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

ERNEST L. BETZ, JR.,

    PLAINTIFF,

VS.

AIG INSURANCE COMPANY AND AMERICAN
GENERAL LIFE INSURANCE COMPANY,

    DEFENDANTS.

NO: CH-07-0098-2

(Trial By Jury Demanded)

## COMPLAINT FOR BREACH OF CONTRACT DAMAGES, FOR REFORMATION OF THE INSTRUMENT AND FOR ACTUAL, COMPENSATORY AND PUNITIVE DAMAGES

COMES NOW the Plaintiff herein as aforementioned and sues the Defendants in this cause as designated hereinabove for the sum of one hundred thousand dollars ($100,000.00) as actual, compensation and punitive damages and also, in the alternative, Plaintiff sues the Defendants for reformation of a certain instrument as will be described hereinafter and for all incurred Court costs, attorney fees, litigation expenses and pre-judgment interest with the cause of action being asserted herein as described hereinbelow:

### I

The said Plaintiff would show that he is now and has been at all times material hereto a resident citizen of the state of Tennessee.

### II

The said Plaintiff would show that the two Defendants in this cause are insurance company corporations that are organized in a state beyond the confines of the State of Tennessee but which entities have maintained, at all times material hereto, regular and usual business offices and places

of business within Tennessee and within Shelby County, Tennessee. Furthermore, the said Plaintiff would aver that all insurance transactions, communications and agreements which are involved in this controversy have also occurred in Shelby County, Tennessee. Furthermore, both Defendants herein have expressly or by operation of law appointed the State of Tennessee Commissioner of Insurance as their respective agents for service of process purposes. For all such reasons regarding residency and transactional location matters, the said Plaintiff further avers that this Honorable Court has the requisite personal jurisdiction over the parties hereto, all appropriate subject matter jurisdiction over all issues that are involved in this controversy and all requisite venue as well.

### III

For valuable consideration, the Plaintiff herein previously purchased and/or received as the beneficiary thereof a certain policy of life insurance bearing number 53288841. Approximately ten years ago, and while that policy was in full force and effect, the Plaintiff requested that the Defendants convert that coverage into a policy that would require continuous coverage but no further premiums to be due or payable thereon. By coincidence, Plaintiff then had another policy with another carrier and his request for the same coverage change was then made and granted which request has been honored at all times since that time of the agreement. However, the Plaintiff has found out in relatively recent times that while the Defendants herein agreed to that coverage change to provide to Plaintiff a policy and/or coverage that would remain constant and which would require payment of no further premiums, the Defendants wholly failed to perform that agreed upon coverage change. In fact, the Plaintiff now is advised that this amount of coverage has been significantly decreasing over the past few years for reason of that failure.

## IV

Considering the foregoing, your Plaintiff herein avers that he has sustained actual and compensatory damages as a result of this total failure of the said Defendants to perform the coverage transformation as requested and as agreed upon. Pleading in the alternative, the Plaintiff requests that the policy as originally issued now be reformed to properly recite, reflect and set forth the above described agreement modification of the parties of approximately ten years ago. Again, that agreement was to the effect that a certain coverage amount as guaranteed would be provided all times thereafter and that because of the dollar change of the coverage, no further premiums would be required to maintain the policy at any time following that agreed upon policy transformation. Moreover, the Plaintiff avers that this transformation was agreed to by himself and by authorized agents of the Defendant in this cause and which agents apparently have failed to abide by and perform their agreement as consented to at that time. Certainly, valuable consideration was provided for that modification by the continued maintenance of the policy although it was thereafter to be restructured in its form.

## V

The said Plaintiff also avers that he should not only be entitled to recover actual and compensatory damages but punitive damages as well for this reckless and/or grossly negligent conduct of the Defendant in their blatant failure to perform the transformation as agreed upon and as a result of their continued failure to do so. In this respect, the Plaintiff would show that he has made such a modification that request through his counsel of record in this cause concerning the necessary transformation and the Defendants have intentionally refused to honor their word along those lines justifying this additional assessment of damages. Again, and pleading in the alternative, the Plaintiff requests that the policy itself be transformed and/or reformed to what it

Page 3

should have been to reflect the agreement terms of ten years ago. Also, the Plaintiff requests that his litigation expenses, attorney fees and Court costs which he has incurred as a result of these contractual breaches by the Defendant be assessed, awarded and adjudged against the Defendants and in his favor.

**WHEREFORE,** your Plaintiff herein now respectfully prays that a jury be impaneled to try each and every issue of fact that is pertinent to this cause and that thereafter this Honorable Court enter a judgment thereon in accordance with the jury verdict in a manner that will justifiably compensate Plaintiff for the Defendants breaches of contract, failure to perform the contractual changes and modifications and for their intentional conduct in refusing to do so at this time and for punitive damages that should flow from that intentional disregard of said Plaintiff's agreed upon rights and that he also be awarded his attorney fees, litigation expenses, Court costs and pre-judgment interest following the assessment of this verdict and entry of the judgment thereon. Pleading in the alternative, the Plaintiff requests that the policy be reformed to reflect the said modified agreement of the parties.

RESPECTFULLY SUBMITTED:

*/s/ Thomas D. Yeaglin*
THOMAS D. YEAGLIN
ATTORNEY FOR PLAINTIFF
140 Jefferson Avenue
Memphis, TN 38103
901-523-1919
Disciplinary No: 8114

Page 4